UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Ray Wirtz, | ) C/A No. 8:13-1041-RMG-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| The Oconee County Sheriff's Department, *in its official capacity*; Sgt. David McMahan, *in his individual capacity*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This is a civil action filed by a local prisoner. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review *pro se* complaints and petitions for relief and submit findings and recommendations to the district court. Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i), (ii), and (iii). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of

liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

### BACKGROUND

Plaintiff is a pretrial detainee in the Oconee County Detention Center in Walhalla, South Carolina.[1] Complaint, ECF No. 1, p. 2. Plaintiff alleges that, on February 14, 2012, Sgt. David McMahan "willfully and knowingly plant[ed] evidence on the Plaintiff," and "allowed a confidential informant, Carrie L. Tyner, who was directed by the Oconee County Sheriff's Department to illegally plant evidence on the Plaintiff, " and "illegally searched and seized evidence from the vehicle that Plaintiff occupied . . .at Tabor Church in Westminster, SC at approximately 1:00 p.m." Complaint, ECF No. 1, p. 3-4. Plaintiff alleges that, on April 14, 2012, Plaintiff "attended his requested preliminary hearing held by Judge Blake Norton . . . during this hearing Sgt. David McMahan willfully and maliciously committed an act of perjury against Plaintiff." Complaint, ECF No. 1, p. 4. Plaintiff alleges that, on February 12, 2013, he received "a letter from Carrie L. Tyner, alleging that Sgt. David McMahan instructed Tyner to plant evidence on Plaintiff." *Id.*

Plaintiff alleges that, on February 20, 2013, Plaintiff met with McMahan at the Detention Center and "during this meeting Sgt. David McMahan admitted to Plaintiff that he had acted

---

[1] *See* Oconee County Sheriff's Office Inmate Information Center website, http://www.oconeelaw.com/arrestsearchdetail.cfm?ID=177564 (last visited Aug. 8, 2013), indicating that Plaintiff is currently being held on the pending criminal charges discussed below, as well as on a family court bench warrant, and a violation of probation warrant; *In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 U.S. Dist. LEXIS 86538 at *2, 2008 WL 4185869 at *2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, 585 F. Supp. 2d 679, 685-89 (D. Md. 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

unlawfully by allowing Tyner to plant evidence," thus demonstrating that McMahan acted with malicious and unlawful intent. *Id.* Plaintiff alleges that during their February 20, 2013 meeting, McMahan "divilged to the Plaintiff that all evidence pertaining to the criminal allegations against Mr. Wirtz had been fingerprinted with negative results, and returned to the victim despite the evidence clearly showing Plaintiff's innocence," which Plaintiff alleges is an undisputed violation of Plaintiff's right to a fair trial. *Id.* Plaintiff alleges that he has been held "on 'no bond' since February 14, 2012, due to Sgt. David McMahan's willfull intent to violate Plaintiff's rights," and that Plaintiff has "attempted on numerous times to notify the proper authorities at the Oconee County Sheriff's Department," but the Sheriff's Department has "made no effort to contact Plaintiff regarding the allegations of misconduct against Sgt. McMahan." Complaint, ECF No. 1, p. 5.[2]

Plaintiff asks the court to "declare that the acts and omissions described herein violated Plaintiff's rights under the Constitution," to "order Defendants to pay compensatory, nominal, and punitive damages," to "order Defendants to pay reasonable attorney fees and costs." Complaint, ECF No. 1, p. 6.

## DISCUSSION

Plaintiff's Complaint appears to plead claims of false arrest, false imprisonment, malicious prosecution, and/or violation of due process. Section 1983 actions[3] premised on alleged unlawful

---

[2] *See* Oconee County Tenth Judicial Circuit Public Index, http://publicindex.sccourts.org/Oconee/PublicIndex/PISearch.aspx (last visited Aug. 8, 2013), showing that Plaintiff is charged with: robbery/armed robbery; weapons/poss. weapon during violent crime; larceny/grand larceny; kidnapping; and burglary; *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (a federal court may take notice of proceedings in other courts if those proceedings have a direct relation to matters at issue).

[3] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal

3

seizure, malicious prosecution, false arrest, and/or false imprisonment are analyzed as actions claiming unreasonable seizures in violation of the Fourth Amendment. *See, e.g., Brown v. Gilmore*, 278 F.3d 362, 367-68 (4th Cir. 2002) (analyzing the plaintiff's allegations of false arrest as a claim of unreasonable seizure under the Fourth Amendment); *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001) (stating that claims of false arrest and false imprisonment "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment").

A claim that a warrantless arrest is not supported by probable cause constitutes a claim of false arrest or false imprisonment. *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996). To establish a claim for false arrest or imprisonment, a plaintiff must show that the seizure was effected without probable cause. *See Dorn v. City of Prosperity*, 375 F. App'x 284, 288 (4th Cir. 2010) ("[T]here can be no claim for false arrest where a person is arrested pursuant to a facially valid warrant."); *Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir.2002); *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir.2001). Therefore, a warrantless arrest is valid if the arresting officer has probable cause to believe the suspect has committed an offense, and the officer's decision that probable cause is present is reviewed under a totality of the circumstances test. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983).

Here, Plaintiff alleges that probable cause was lacking for his warrantless arrest on February 14, 2012, and for the subsequent arrest warrant that was apparently issued on February 15, 2012, in

---

constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

that the Defendant McMahan falsely planted evidence on Plaintiff and allowed a confidential informant to illegally plant evidence on Plaintiff. Plaintiff's factual allegations are sufficient to state a plausible Fourth Amendment claim of false arrest or false imprisonment, which survives summary dismissal.

Whether an independent cause of action for malicious prosecution under § 1983 even exists is a question that has, for quite some time, confronted the federal courts. *See, e.g., Wallace v. Kato*, 549 U.S. 384, 390 n.2 (2007) ("We have never explored the contours of a Fourth Amendment malicious-prosecution suit under § 1983, and we do not do so here.") (citation omitted). The Fourth Circuit recently explained that a malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort. To state such a claim, a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor. *See Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012); *Lambert v. Williams*, 223 F.3d 257, 260-62 (4th Cir.2000) (observing that a "malicious prosecution" claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates the common law malicious prosecution tort elements except for malice); *see also Snider v. Seung Lee*, 584 F.3d 193 (4th Cir. 2009); *Miller v. Prince George's County*, 475 F.3d 621, 627 (4th Cir. 2007). Here, Plaintiff's Complaint does not allege that the criminal charges against him have terminated in his favor. Thus, Plaintiff fails to state a claim for malicious prosecution, as a matter of law.

The Fourth Circuit has recognized a Fourteenth Amendment due process "right not to be deprived of liberty as a result of the fabrication of evidence by a government officer acting in his

investigatory capacity." *See Washington v. Wilmore*, 407 F.3d 274, 282 (4th Cir. 2005). For a plaintiff to prevail on a claim of evidence fabrication, the plaintiff must demonstrate proof that the defendant fabricated evidence and that the fabrication resulted in a deprivation of the plaintiff's liberty. *See Rogers v. Cotton*, C/A No. 4:08-3891-RBH-TER, 2012 U.S. Dist. LEXIS 14371 at *38-39, 2012 WL 396194 (Jan. 18, 2012) adopted by, summary judgment granted by, summary judgment denied by, dismissed by, in part, remanded by 2012 U.S. Dist. LEXIS 14372, 2012 WL 396062 (D.S.C., Feb. 7, 2012).

Plaintiff does not specifically identify the evidence that he alleges was planted on him, on February 14, 2012, by Defendant McMahan and the confidential informant, nor does Plaintiff provide any details about Defendant McMahan's alleged perjury at Plaintiff's preliminary hearing on April 14, 2012. Plaintiff simply makes general assertions that evidence was fabricated and probable cause did not exist to support his arrest, incarceration, and prosecution. Plaintiff's Complaint does little more than state that the facts alleged constitute a violation of Plaintiff's Fourth and Fourteenth Amendment rights. Nevertheless, accepting Plaintiff's factual allegations as true, Plaintiff's Complaint sufficiently states a plausible claim of fabrication of evidence, which survives summary dismissal. *See Washington*, 407 F.3d at 282; *Jones v. City of Chicago*, 856 F.2d 985, 994 (7th Cir. 1988) ("[A] prosecutor's decision to charge, a grand jury's decision to indict, a prosecutor's decision not to drop charges but to proceed to trial - none of these decisions will shield a police officer who deliberately supplied misleading information that induced the decision.").

However, it is well settled that, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceeding. *See, e.g., Younger v. Harris*, 401 U.S. 37, 44 (1971); *Harkrader v. Wadley*, 172 U.S. 148, 169-70 (1898); *Nivens v. Gilchrist*, 319

F.3d 151 (4th Cir. 2003); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). *See also Suggs v. Brannon*, 804 F. 2d 274, 280 (4th Cir. 1986) (claim for injunctive relief against pending state criminal case could be dismissed under *Younger*, but damages claim should have been stayed); *Traverso v. Penn*, 874 F.2d 209, 213 (4th Cir. 1989) (§ 1983 damage claim should be stayed under *Younger* while state criminal action proceeded).

The United States Supreme Court has not directly addressed whether *Younger* abstention applies to § 1983 claims for monetary damages. *See Deakins v. Monaghan*, 484 U.S. 193, 202 (1988) ("We need not decide the extent to which the *Younger* doctrine applies to a federal action seeking only monetary relief."). In *Deakins*, the Supreme Court held that, because the state proceedings could not have awarded damages, the district court erred in dismissing the federal court plaintiffs' claim for monetary relief; however, the Supreme Court explained that the federal court should have stayed, not dismissed, the federal litigation. *Deakins*, 484 U.S. at 202, 204.

Lower courts have also held that *Younger* requires courts to stay - rather than abstain from hearing and dismiss - suits for monetary relief where the same issues are pending before a state court. *See Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075-76 (6th Cir. 1998); *Simpson v. Rowan*, 73 F.3d 134, 138-39 (7th Cir. 1995); *Williams v. Hepting*, 844 F.2d 138, 144 (3d Cir. 1988). Staying the federal action "protect[s] against the possibility that [the plaintiff] could be deprived of the opportunity to present the merits of her damages claim in state court." *Carroll*, 139 F.3d at 1075-76. Further, a stay ensures that a plaintiff who is unable to pursue damages in the parallel state proceedings can return to federal court and reassert his or her claim for damages without being time-barred. *See id.* at 1076 (observing that "a stay will protect [the plaintiff's] claims from the statute of limitations"). Moreover, staying rather than dismissing the action is consistent with the

Supreme Court's decision in *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996), which held that "abstention principles [apply] to actions 'at law' only to permit a federal court to enter a stay order that postpones adjudication of the dispute, not to dismiss the federal suit altogether." *Quackenbush*, 517 U.S. at 719.

In *Wallace v. Kato*, 549 U.S. 384, 393 (2007), the Supreme Court held that:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *See [Heck v. Humphrey,* 512 U.S. 477 (1994)*] id.*, at 487-88, n. 8 (noting that "abstention may be an appropriate response to the parallel state-court proceedings"); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996). If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit. *Edwards v. Balisok*, 520 U.S. 641, 649 (1997); *Heck*, 512 U.S. at 487.

*Wallace*, 549 U.S at 393-94. In *Nivens v. Gilchrist*, 444 F.3d 237 (4th Cir. 2006), the Fourth Circuit held that:

> One of the principles underlying *Younger* is that it is unnecessary for a federal court to enjoin a pending prosecution or declare a statute unconstitutional because a state court may itself make either of those judgments in response to a defendant's objections during prosecution. State criminal proceedings do not, however, allow for claims of money damages by criminal defendants - such a claim is simply not available. Therefore, a "District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding." *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988).

*Nivens*, 444 F.3d at 248.

In *Suggs v. Brannon*, 804 F.2d 274 (4th Cir. 1986), the Fourth Circuit also held that "*Younger* does not invariably require dismissal of § 1983 damage actions" where the federal court is asked to determine issues pending before a state court; however, a stay is appropriate in such situations. *Suggs*, 804 F.2d at 279-80. The Fourth Circuit explained its ruling in *Suggs* as follows:

8

> *Younger* abstention presupposes that the federal plaintiff will have an adequate opportunity to raise constitutional claims during the ongoing state proceeding. *See Craig v. Barney*, 678 F.2d 1200, 1201-02 (4th Cir. 1982). A state criminal proceeding, however, ordinarily would not address issues such as appellants' claim that they were held under excessive bond and unconstitutional bail conditions, for pretrial detention issues cannot be raised in defense of a criminal prosecution. *See Gerstein v. Pugh*, 420 U.S. 103, 108 n. 9 (1975). If the state criminal court rules that the search and seizure was unlawful, Smith could not recover damages in those proceedings. Deferring the appellants' right to institute an action for damages until the conclusion of the criminal cases might cause their claims to be barred by a statute of limitations. Thus, in order to afford plaintiffs a day in court, they should be allowed to maintain their actions for damages. *See Hanpar v. Atkinson*, 496 F.Supp. 112, 115 (E.D.Va. 1980). . . . A stay is appropriate. If the criminal trials provide the parties with a full and fair opportunity to litigate their constitutional claims, they may then possibly assert the state court judgment to preclude either claim or defense as the case may be.

*Id.*

Here, in the instant § 1983 action seeking monetary damages, Plaintiff is asking this Court to make determinations identical to the determinations that must also be made by the Oconee County Tenth Judicial Circuit Court of General Sessions in Plaintiff's pending criminal cases. As such, proceeding in this case in federal court would result in simultaneous litigation of the same issues such that this Court's ruling would almost assuredly interfere with the pending state court proceedings. Further, a determination by the state court that evidence was not falsified and that the investigative search, seizure, and arrest of Plaintiff were legal would be binding on this Court and would preclude Plaintiff from asserting that his search, seizure, and arrest were illegal in this § 1983 claim for monetary damages. *See Heck v. Humphrey,* 512 U.S. 477 (1994) (holding that a state prisoner cannot base a § 1983 action on a ground that would "necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement"). For these reasons, and because the undersigned finds that the issues presented in this claim for monetary damages are inextricably intertwined with issues presented in the pending state prosecution of Plaintiff's criminal charges,

the Court should exercise its discretion and stay Plaintiff's claim for monetary damages against Defendant Sgt. David McMahon, in his individual capacity, pending "ultimate termination of the state prosecution, including any relevant state collateral review proceedings, whether by adjudication on the merits or by a decision of the state at any point to abandon or forego the prosecution." *See Traverso v. Penn*, 874 F.2d 209, 212-13 (4th Cir. 1989); *Richardson v. Union Pub. Safety Dep't Police*, C/A No. 7:10-cv-2679-JMC-JDA, 2011 U.S. Dist. LEXIS 60130, 2011 WL 2193330 (D.S.C. May 13, 2011) adopted by, motion denied by, stay granted by, motion dismissed by 2011 U.S. Dist. LEXIS 60101, 2011 WL 2198291 (D.S.C. June 6, 2011). The purpose of staying a federal civil action for monetary damages until the resolution of a related state criminal matter is to give the federal court the opportunity to determine whether the federal civil claim is barred by *Heck* if there is a criminal conviction. Thus, Plaintiff's civil claim for monetary damages against Defendant McMahon should be stayed until Plaintiff's state criminal proceedings are concluded.

Plaintiff's claim for monetary damages against the Oconee County Sheriff's Department, however, should be summarily dismissed. "A federal court lacks jurisdiction to hear a cause of action against a South Carolina Sheriff's Department, as such a suit is barred by [the] state['s Eleventh Amendment] immunity." *Stewart v. Beaufort County*, 481 F. Supp. 2d 483, 492 (D.S.C. 2007). Under South Carolina law, a sheriff's department is a state agency, not a municipal department, and has Eleventh Amendment immunity from a suit for monetary damages under § 1983 in federal court. *See Millmine v. County of Lexington*, C/A No. 3:09-1644-CMC, 2011 U.S. Dist. LEXIS 6184, 2011 WL 182875, at *5 (D.S.C. Jan. 20, 2011); *Johnson v. Newberry County Det. Ctr.*, C/A No. 4:09-00047-HFF-TER, 2010 U.S. Dist. LEXIS 17537, 2010 WL 737843, at *11 (D.S.C.

Feb. 26, 2010). The Fourth Circuit has affirmed the dismissal of § 1983 claims against sheriff's departments and sheriff's deputies based on lack of federal court jurisdiction due to their Eleventh Amendment immunity. *See Wall v. Sloan*, 135 F.3d 771 [published in full-text format at 1998 U.S. App. LEXIS 1881] 1998 WL 54938, at *1 (4th Cir. 1998); *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996). In the instant case, Plaintiff's claim for monetary damages against Defendant Oconee County Sheriff's Department in its official capacity is barred by Defendant's Eleventh Amendment immunity.

## RECOMMENDATION

Based on the foregoing, it is recommended that the Complaint be partially summarily dismissed, without prejudice and without issuance and service of process, as to Defendant The Oconee County Sheriff's Department. Plaintiff's Complaint, insofar as it asserts a claim for monetary damages against Defendant McMahan, should be stayed until the final termination of Plaintiff's pending state court criminal proceedings, at which time Plaintiff should petition this Court to lift the stay in this action. Plaintiff should be directed to apprise the court of the status of his criminal charges every six (6) months and warned that a failure to do so may result in sanctions, including but not limited to dismissal of this action. Plaintiff's attention is directed to the important notice on the next page.

August 21, 2013
Florence, South Carolina

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

### Notice of Right to File Objections to Report and Recommendation

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).