IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Timothy Ray Wirtz, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 8:13-1041-RMG |
| v. ) | |
| ) | |
| The Oconee County Sheriff's ) | ORDER |
| Department, *in its official capacity*; ) | |
| Sgt. David McMahan, *in his* ) | |
| *unofficial capacity*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Timothy Ray Wirtz brings this 42 U.S.C. § 1983 action *pro se* alleging that Defendants violated his constitutional rights under the Fourth and Fourteenth Amendments by engaging in an improper search and seizure and false arrest when arresting him on February 14, 2012. (Dkt. No. 1.) Plaintiff further alleges false imprisonment, malicious prosecution, and/or violation of due process. (*Id.*)

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(e) (DSC), this matter was initially addressed by a Magistrate Judge. It is now before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge recommending this Court partially summarily dismiss, without prejudice and without issuance and service of process, the Complaint as to Defendant The Oconee County Sheriff's Department. (Dkt. No. 15.) The Magistrate recommends the remaining portion of the Complaint asserting a claim for monetary damages against Defendant McMahan be stayed until the final termination of Plaintiff's pending state court criminal proceedings. (*Id.*) None of the parties filed objections.

1

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1), and need not give any explanation for adopting the R & R in the absence of specific objections by the parties. *See Camby v. Davis,* 718 F.2d 198, 200 (4th Cir. 1983) ("Absent objection, we do not believe that any explanation need be given for adopting the report.").

**Discussion**

This Court agrees with the Magistrate Judge that Defendant Oconee County Sheriff's Department has Eleventh Amendment immunity from a suit for damages under § 1983. Under South Carolina law, a sheriff's department is a state agency, not a department under the control of the county. *Gulledge v. Smart,* 691 F. Supp. 947, 954-55 (D.S.C. 1988); *see also Cromer v. Brown,* 88 F.3d 1315, 1332 (4th Cir. 1996) (holding South Carolina Sheriff is a state official and immune from a § 1983 suit for damages). A suit against a state agency is no different than a suit against the state itself. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989). And, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* Therefore, Plaintiff's § 1983 claim for monetary damages against the Sheriff's Department must be dismissed.

The Court also agrees with the Magistrate Judge's recommendation that the remaining claims against Defendant McMahan be stayed until the conclusion of the state's criminal proceeding. Absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceeding. *Younger v. Harris,* 401 U.S. 37, 46 (1971). Instead,

the Supreme Court has explained that it is appropriate for a federal court to stay actions where issues overlap with pending state court criminal proceedings. *See Deakins v. Monaghan*, 484 U.S. 193, 202-04 (1988) (observing that because monetary damages are not available to defendants in state criminal proceedings, federal courts should stay instead of dismiss their claims until criminal proceedings are concluded). Furthermore, federal courts should stay such actions so that plaintiffs can pursue their claims for damages without being time-barred by a statute of limitations. *See Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075-76 (6th Cir. 1998). Because Plaintiff is asking this Court to make determinations identical to the issues before the state criminal court in pending charges against Plaintiff, proceeding in this Court could result in simultaneous litigation of the same issues. The issues in this claim for monetary damages are intertwined with issues in the state's prosecution of Plaintiff. As such, this action should be stayed.

## Conclusion

For the reasons given, the Court ADOPTS the Magistrate Judge's R&R in full. Accordingly, Plaintiff's claims against the Oconee County Sheriff's Department are DISMISSED without prejudice. All remaining claims against Defendant Sgt. David McMahan are stayed until the final outcome of the criminal case against Plaintiff in the Oconee County Tenth Judicial Circuit Court of General Sessions. Plaintiff must file a status report regarding the state criminal proceedings with this Court six months from the date of this order and every six months thereafter until the stay has been lifted.

IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Court Judge

September 24, 2013
Charleston, South Carolina

3