UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Ray Wirtz, ) | |
| ) | C/A No.  8:13-1041-RMG-TER |
| Plaintiff, ) | |
| ) | REPORT AND RECOMMENDATION |
| vs. ) | |
| ) | |
| Sgt David McMahon, in his individual ) | |
| capacity, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This is a civil action filed *pro se* by Plaintiff, who at the time of filing was a local prisoner, but who is now a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**BACKGROUND**

At the time his Complaint was originally filed in April of 2013, Plaintiff was a pretrial detainee in the Oconee County Detention Center in Walhalla, South Carolina. Complaint, ECF No. 1, p. 2. In his Complaint, Plaintiff alleges that, on February 14, 2012, Sgt. David McMahan "willfully and knowingly plant[ed] evidence on the Plaintiff," and "allowed a confidential informant, Carrie L. Tyner, who was directed by the Oconee County Sheriff's Department to illegally plant evidence on the Plaintiff, " and "illegally searched and seized evidence from the vehicle that Plaintiff occupied . . .at Tabor Church in Westminster, SC at approximately 1:00 p.m." Complaint, ECF No.

1

1, p. 3-4. Plaintiff alleges that, on April 14, 2012, Plaintiff "attended his requested preliminary hearing held by Judge Blake Norton . . . during this hearing Sgt. David McMahan willfully and maliciously committed an act of perjury against Plaintiff." Complaint, ECF No. 1, p. 4. Plaintiff alleges that, on February 12, 2013, he received "a letter from Carrie L. Tyner, alleging that Sgt. David McMahan instructed Tyner to plant evidence on Plaintiff." *Id.* Plaintiff alleges that, on February 20, 2013, Plaintiff met with McMahan at the Detention Center and "during this meeting Sgt. David McMahan admitted to Plaintiff that he had acted unlawfully by allowing Tyner to plant evidence," thus demonstrating that McMahan acted with malicious and unlawful intent. *Id.* Plaintiff alleges that during their February 20, 2013 meeting, McMahan "divilged to the Plaintiff that all evidence pertaining to the criminal allegations against Mr. Wirtz had been fingerprinted with negative results, and returned to the victim despite the evidence clearly showing Plaintiff's innocence," which Plaintiff alleges is an undisputed violation of Plaintiff's right to a fair trial. *Id.* Plaintiff alleges that he has been held "on 'no bond' since February 14, 2012, due to Sgt. David McMahan's willfull intent to violate Plaintiff's rights," and that Plaintiff has "attempted on numerous times to notify the proper authorities at the Oconee County Sheriff's Department," but the Sheriff's Department has "made no effort to contact Plaintiff regarding the allegations of misconduct against Sgt. McMahan." Complaint, ECF No. 1, p. 5. Plaintiff asks the court to "declare that the acts and omissions described herein violated Plaintiff's rights under the Constitution," to "order Defendants to pay compensatory, nominal, and punitive damages," to "order Defendants to pay reasonable attorney fees and costs." Complaint, ECF No. 1, p. 6. At the time he filed his Complaint, Plaintiff's state court criminal charges were still pending.

On August 21, 2013, a Report and Recommendation, which recommended that the Oconee

County Sheriff's Office be summarily dismissed from the case and that the remaining claims against Defendant McMahan be stayed pending the disposition of Plaintiff's pending state criminal court proceedings, was prepared by the undersigned. The District Court accepted the Report on September 24, 2013, dismissing the Defendant Oconee County Sheriff's Department, and staying the remainder of the case pending the disposition of Plaintiff's pending state criminal court proceedings. By text Order dated May 14, 2015, the District Court lifted the stay in this case, and the matter was recommitted to the undersigned for further review.

On February 15, 2012, Plaintiff was arrested on charges of possession of a weapon during a violent crime, larceny/grand larceny, robbery/armed robbery, kidnapping, and burglary charges. *See http://publicindex.sccourts.org/Oconee/PublicIndex/PISearch.aspx*; *see also In Re Katrina Canal Breaches Consol. Litig.*, 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008)(collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating). Thereafter on October 18, 2013 (after the Report was issued and District Court Order accepting the same was entered), Plaintiff was adjudicated guilty at trial of all charges. Plaintiff was sentenced to thirty years on the burglary charge, twenty-five years on both the kidnapping and robbery/armed robbery charges, ten years on the larceny/grand larceny charges and five years on the weapons/possession of a weapon during a violent crime charge (this 5 year sentence was to be consecutive to the thirty year sentence on the burglary charge). *Id*. Plaintiff is currently serving his sentence at the Lieber Correctional Institution. *See* SCDC, http://public.doc.state.sc.us/scdc-public/ (Inmate locator function). As previously noted, in his Complaint, Plaintiff sues Officer McMahan

for alleged violations of his constitutional rights, alleging that he was unlawfully arrested, falsely imprisoned, subjected to malicious prosecution and otherwise had his due process rights violated.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Plaintiff's Complaint is subject to summary dismissal based on the United States Supreme

Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). With respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges,[1] the Court stated:

> We hold that, in order to recover damages [or other relief][2] for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87.

By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, post-conviction relief, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred. Until the underlying conviction

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

[2] *See Johnson v. Freeburn*, 29 F. Supp.2d 764, 772 (S.D. Mich. 1998)(under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997)(injunctive relief sought); *see also Mobley v. Tompkins*, 473 F. App'x 337, 337 (4th Cir. 2012)(injunctive relief not available under *Heck*)(citing *Clemente v. Allen* and other cases).

or sentence has been invalidated, a prisoner "cannot use a § 1983 action to challenge 'the fact or duration of his confinement,' " but 'must seek federal habeas corpus relief (or appropriate state relief) instead.' " *Wilkinson v. Dotson*, 544 U.S. 74, 78(2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).

*Heck* does not apply in the context of claims of unconstitutionality in *on-going* criminal cases. *Wallace v. Kato*, 549 U.S. 384 (2007). However, since this case now involves an already completed criminal matter and complaints about how it was conducted, *Wallace* is inapplicable and *Heck* controls.  In any event, the limitations period for such a post-trial civil rights action will not begin to run until the cause of action accrues, *i.e.*, until the conviction is set aside; therefore, a potential § 1983 plaintiff does not have to worry about the running of the statute of limitations while he or she is taking appropriate steps to have a conviction overturned. *See Wallace v. Kato*, 549 U.S. at 391-92; *Benson v. N. J. State Parole Bd.*, 947 F. Supp. 827, 830 (D. N.J. 1996)(following *Heck v. Humphrey* and applying it to probation and parole revocations "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-88 (E.D. Va. 1994).

It is not clear what, if any, steps Plaintiff has already pursued to directly or collaterally challenge his convictions, but it is obvious that he has not yet been successful in any efforts to overturn the convictions because he is currently incarcerated and serving the sentence imposed. *See* SCDC, http://public.doc.state.sc.us/scdc-public/ (Inmate locator function); *see also In Re Katrina Canal Breaches Consol. Litig.*, 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008)(collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases

indicating that postings on government websites are inherently authentic or self-authenticating). Because Plaintiff has not been successful in having his 2013 state convictions set aside by way of appeal, PCR, habeas corpus, or otherwise, and because Plaintiff's allegations of improper activity by Defendant McMahan if true, would necessarily invalidate his conviction, he cannot sue Defendant McMahan based on his involvement in Plaintiff's prosecution and ultimate conviction at this time under *Heck*.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

s/ Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

May 15, 2015  
Florence, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>   Robin L. Blume, Clerk
>   United States District Court
>   Post Office Box 2317
>   Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).